IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WALLACE, SAUNDERS, AUSTIN,  )
BROWN & ENOCHS, CHARTERED,  )
                            )
        Plaintiff,          )
                            )
v.                          )
                            )   Case No. 15-7991-CM
FEDERAL INSURANCE COMPANY,  )
                            )
        Defendant.          )
                            )

## MEMORANDUM AND ORDER

Plaintiff Wallace, Saunders, Austin, Brown & Enochs, Chartered, brings this action seeking payment from its insurance company, defendant Federal Insurance Company, for a loss arising out of a former employee's embezzlement. Defendant filed a motion to dismiss (Doc. 8) arguing that plaintiff's case is untimely because plaintiff did not file within a two-year contractual time limit. When responding to the motion to dismiss, plaintiff also filed a motion to certify a question of law to the Kansas Supreme Court (Doc. 13). In that motion, plaintiff argues that the Kansas Supreme Court should analyze the public policy considerations involved when an insurance company contracts to limit the time within which an insured must file suit under the policy. For the following reasons, the court grants defendant's motion and denies plaintiff's.

### Defendant's Motion to Dismiss

Plaintiff filed this case at least two years and three months after discovering its employee's misconduct. This fact is not disputed and appears on the face of plaintiff's complaint. Plaintiff claims, however, that the suit is timely-filed because the Kansas five-year statute of limitations, Kan. Stat. Ann. § 60-511(1), applies instead of the contractual limitation.

Kansas law permits parties to contractually shorten a time limitation on filing suit. *Pfeifer v. Fed. Express Corp.*, 304 P.3d 1226, 1231 (Kan. 2013). Recent decisions in the District of Kansas have upheld contractual limitations similar to the one in this case. *See, e.g.*, *B.S.C. Holding, Inc. v. Lexington Ins. Co.*, No. 11-2252-EFM, 2014 WL 2207966, at *5 (D. Kan. May 28, 2014), *aff'd*, No. 14-3130, 2015 WL 5333086 (10th Cir. Sept. 15, 2015) (upholding a one-year limitation in a property insurance policy); *Infinity Energy Res. v. St. Paul Fire & Marine Ins. Co.*, No. 12-2385-JTM, 2013 WL 3792899, at *8 (D. Kan. July 19, 2013) (enforcing a two-year limitation in an insurance policy). This law appears to settle the issue and require a decision in defendant's favor.

According to plaintiff, its case is not barred because (1) statutes of limitations are public policy statements, and insurance contracts must not conflict with public policy; (2) insurance contracts cannot waive statutory provisions that benefit insureds; (3) insurance contracts are contracts of adhesion; and (4) the contract also provides that if a limit on action is prohibited by law, then the contract is deemed amended to employ the minimum period of limitation allowed by the law.

None of plaintiff's arguments convince the court that it should reach a contrary result. First, although statutes of limitation may be public policy statements, the Kansas Supreme Court has held that contractual suit limitations may be valid and enforceable. *Pfeifer*, 304 P.3d at 1231. Second, if the court were to consider the legislative statute of limitation to be a non-waivable statutory provision, such treatment would be inconsistent with *Pfeifer*. Third, whether an insurance contract is a contract of adhesion does not make the reasoning in *B.S.C.* and *Infinity* any less persuasive. Both of those cases also involved insurance contracts. And fourth, the contract provision referenced by plaintiff addresses the situation in which a limit is prohibited by law. Here, the law does not prohibit the time limitation.

In summary, the court determines that the allegations in plaintiff's complaint and the terms of the insurance contract (which is not attached to the complaint, but is considered integral to the

allegations in the complaint) conclusively resolve this case.  Plaintiff did not timely file its complaint, and the case must be dismissed.

## Plaintiff's Motion to Certify Question of Law

As an alternative to dismissal, plaintiff asks the court to certify a question of law to the Kansas Supreme Court.  Specifically, plaintiff argues that that Kansas Supreme Court should analyze the public policy considerations involved when an insurance company contracts to limit the time within which an insured must file suit under the policy.

Kan. Stat. Ann. § 60-3201 authorizes the Kansas Supreme Court to rule on questions of law certified to it by a federal court.  Certification is appropriate if (1) the question(s) of law may be determinative to the cause and (2) there is a lack of controlling Kansas law regarding the question(s).  Kan. Stat. Ann. § 60-3201; *Copier ex rel. Lindsey v. Smith & Wesson Corp.*, 138 F.3d 833, 838 (10th Cir. 1998); *Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir. 1988).  The decision to certify is within the sound discretion of the court.  *Hartford Ins. Co. of the Midwest v. Cline*, 427 F.3d 715, 716–17 (10th Cir. 2005) (quotation omitted).  But "'[c]ertification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law.'"  *Marzolf v. Gilgore*, 924 F. Supp. 127, 129 (D. Kan. 1996) (quoting *Armijo*, 843 F.2d 406).  Federal courts should decide questions of state law when necessary to render a judgment, unless there exists "some recognized public policy or defined principle guiding the exercise of the jurisdiction conferred."  *Copier*, 138 F.3d at 838 (quoting *Meredith v. City of Winter Haven*, 320 U.S. 228, 234 (1943)).  "Certification is never compelled, even when there is no state law governing an issue."  *Boyd Rosene & Assocs., Inc. v. Kan. Mun. Gas Agency*, 178 F.3d 1363, 1364 (10th Cir. 1999) (citing *Lehman Bros. v. Schein*, 416 U.S. 386, 390–91 (1974)).

The key problem with plaintiff's request is the long-standing Kansas law on this issue. In addition to the cases cited above are cases dating back over one hundred years. In 1892, the Kansas Supreme Court held that a suit limitation in an insurance policy was enforceable and did not violate public policy. *See McElroy v. Cont'l Ins. Co.*, 29 P. 478, 478–79 (Kan. 1892). And although the *Pfeifer* court did not consider a time limit in an insurance policy, it relied on a Kansas federal case that enforced an insurance policy's suit limitation provision. 304 P.3d at 1231 (citing *Coates v. Metro. Life Ins. Co.*, 515 F. Supp. 647, 650 (D. Kan. 1981)).

This case does not present one of the rare situations where guidance from the Kansas Supreme Court would be beneficial. This court has adequate guidance from Kansas state and federal courts to resolve whether the contractual suit limitation provision should be enforced. Plaintiff's request to certify is denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 8) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Certify Question of Law (Doc. 13) is denied.

Dated this 9th day of November, 2015, at Kansas City, Kansas.

>   s/ Carlos Murguia
>   **CARLOS MURGUIA**
>   **United States District Judge**